■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON D. DAVIS, Appellant. [753 NYS2d 761] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 2, 1996, upon a verdict convicting defendant of the crime of attempted robbery in the second degree.

Defendant was indicted for the crime of attempted robbery in the second degree and was held in the Chemung County jail prior to trial. His lack of cooperation with counsel, as well as his refusal, on occasion, to appear in court prompted his attorney to request a competency examination pursuant to CPL article 730. The examination was conducted in an abbreviated manner because defendant refused to leave his cell; he was found competent to stand trial. Thereafter, he continued to express reluctance to appear in court and, when doing so, acted in an offensive and inappropriate manner. Defendant maintained that he did not commit the crime or understand the result of the competency examination. For these reasons, a hearing on the issue of competency was ordered.

Following the presentation of testimony from several psychiatrists, as well as personnel from the county jail, County Court similarly concluded that defendant was competent to stand trial. His attorney then requested that he be examined for the purpose of establishing a defense of mental disease or defect. Despite the court's warning that defendant be amenable to meet with the People's mental health expert in a proper interview setting, he refused, on two separate occasions, to do so. County Court, therefore, precluded the defense of insanity. A trial ensued and defendant was found guilty of the crime of attempted robbery in the second degree. Defendant now appeals.

Defendant contends that County Court erred in refusing to permit him the opportunity to interpose the defense of insanity. We disagree. It is well settled that "[a] defendant who raises an insanity defense is deemed to have waived the privilege against self incrimination and may be compelled to submit to a

psychiatric examination" (*People v Cruickshank*, 105 AD2d 325, 329, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625) so that the People can attempt to sustain their burden to demonstrate sanity (*see People v Segal*, 54 NY2d 58, 64-65; *Matter of Lee v County Ct. of Erie County*, 27 NY2d 432, 440-442, *cert denied* 404 US 823). Here, the record reflects that County Court repeatedly reminded defendant of the necessity to appear in court and cooperate not only with his attorney, but also with psychiatric personnel. When he refused to leave his cell and meet with the People's expert as directed, the court properly precluded the use of the insanity defense at trial.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.